José María Cortés, Appellant, *v.* The Registrar of Property of Utuado, Respondent.

No. 1083. · Submitted February 4, 1941.—Decided February 7, 1941.

*Gaspar Gerena Brás* for appellant.   The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

According to a certificate of purchase of real property issued by the Collector of Internal Revenue of Utuado, proceedings for a tax sale with respect to a certain urban property were begun against its owner "Hernán Cortés, whose personal circumstances and residence are unknown".

After the attachment of the property had been ordered, the certificate which Section 340 of the Political Code requires for its recording in the registry of property was issued and once it had been registered it was notified with service of copy upon "Rita María Rodríguez widow of Cortés, as a relative". The attachment was also notified by publication "to the bearer of a promissory note for the sum of $400 and to Hernán Cortés or his unknown heirs or successors in interest."

Once the auction sale had taken place, the property was sold for $30.67 to José María Cortés who was the only bidder,

and the certificate to which we refer at the beginning was issued in his favor.

The certificate having been presented to the registry so that the property thus sold be recorded in favor of the purchaser, the registrar refused to do that for the following reasons:

"A. Because the tax sale proceedings were followed against 'Hernán Cortés, whose personal circumstances and residence are unknown,' and in spite of this, the notice of the attachment of the urban property recorded in favor of the latter as private property, was served by said collector of revenue on Rita María Rodríguez, widow of the above mentioned Hernán Cortés, which shows that the latter had died, and when a presumptive owner dies, the notice must be effected in the name of the new owners who acquire title, that is, the persons who are the heirs of the deceased. A notice like the one in the instant case, addressed nominally to a deceased person is absolutely ineffectual, and as long as the attachment is not duly notified, it can not be consummated at a sale, according to Sections 342 and 336 of the Political Code and therefore all further action was ineffectual. See the decision rendered on a motion for reconsideration in the case of *Hernández* v. *Registrar*, 30 P.R.R. 186.

"B. Because the sale of the property object of the auction was only notified by publication to the 'bearer of a note for the sum of $400' when it should have been notified to the bearer of a note for the sum of $300 as principal, plus $100 additional to answer for costs and expenses in case of litigation, which sum is the one guaranteed by the mortgage recorded over said property. The sale of the auctioned property was not notified therefore in any form to the mortgagee, bearer of the note for $300 and an additional $100 for costs and expenses in case of litigation. *Moraza* v. *Registrar*, 45 P.R.R. 804."

José María Cortés, the purchaser, filed the present administrative appeal against this ruling, limiting himself to state that he is not satisfied with the classification made by the registrar, without bringing forward any argument in support of his contention nor citing any statute or decision in support of his criterion.

■ The case of *Hernández* v. *Registrar*, 30 P.R.R. 186, was one in which the property attached and sold for taxes belonged to Tomasa González, who died in 1881, and was assessed for purposes of taxation in the name of her executor Juan Ballesteros. The executor also died and the notice of sale was served on a relative of the executor and not on the heirs of Tomasa González. This Court through Mr. Justice Wolf, said:

" . . . The theory of the notice was that Juan Ballesteros, being dead and hence not subject to service, the notification might run to. one of his familiars or privies, but we repeat that on the death of the executor the Treasurer was bound to notify someone in privity with the original owner. We go further and say that when an alleged owner dies, be he executor or owner, the notice must run in the names of the owners who succeed to the title. A notice, as in this case, nominally directed to a person that is dead is absolutely unavailing. Like a summons in a suit, the notice must be made out in the name of the person really interested and then such notice in certain cases may be served on an alleged familiar. The reason is evident. The notice then has a strong chance of being delivered to the person really interested who may defend his title or the suit, as the case may be."

Although in truth, the facts in both cases are not identical, the reasoning of the opinion upholds the first ground of the registrar's ruling and as long as said reasoning is not proved erroneous, we are bound by it, especially in a case presented in the conditions in which this has been.

■ Let us examine the other ground of the registrar's decision. This Court, in the case of *Moraza* v. *Registrar*, 45 P.R.R. 804, held, copying from the summary that:

"Where properties subject to mortgages securing obligations payable to bearer are sold for taxes, the sale must be notified to the holders of the obligations appearing in the registry, and in addition, the supplemental mode of service by publication must be resorted to in order to notify other possible holders."

In the instant case, according to what appears from the registry, the property in question guaranteed a note payable

to bearer for $300 principal and $100 for costs in case of litigation, and the notice by publication was served on "the bearer of a note for the sum of $400".

There is no doubt that the collector intended to comply with the law and jurisprudence, but the truth is that in mixing together the amounts guaranteed, he altered the terms of the guaranty, and in these proceedings one must be exact to an extreme in order to avoid future conflicts. The classification of the registrar is in consequence upheld as well because of its second ground.

The appeal must be denied and the ruling affirmed.